UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| DARRELL D. KINCAID, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 4:09-CV-086 RM |
| v. | ) | |
| | ) | |
| UNKNOWN POLICE OFFICERS, and | ) | |
| J&T RECOVERY, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Darrell D. Kincaid, a *pro se* plaintiff, filed a § 1983 complaint and an *in forma pauperis* petition. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Kincaid alleges that J&T Recovery impounded his vehicle after the police illegally searched and seized his truck on July 20, 2006. The statute of limitations bars that claim. Indiana's "two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7thCir. 2001). This complaint wasn't filed until December 4, 2009,

nearly a year and a half after the deadline expired on July 20, 2008. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claim is time barred. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674 (7th Cir. 2009).

For the forgoing reasons, the court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: December  7 , 2009

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court